
**Office of the Attorney General**
**LEONARDO M. RAPADAS**
Attorney General of Guam
**ROBERT M. WEINBERG**
Assistant Attorney General
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
rweinberg@guamattorneygeneral.com
**Attorneys for defendants**

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| **ARNOLD DAVIS**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**GOVERNMENT OF GUAM; GUAM ELECTION COMMISSION; ALICE M. TAIJERON; MARTHA C. RUTH; JOSEPH F. MESA; JOHNNY P. TAITANO; JOSHUA F. TENORIO; DONALD I. WEAKLEY**; and **LEONARDO M. RAPADAS**, in his official capacity as Attorney General of Guam,<br><br>Defendants. | Civil Case No. 11-00035<br><br><br><br>**OPPOSITION TO MOTION**<br><br>**FOR**<br><br>**CLASS CERTIFICATION** |

Plaintiff and putative class representative Arnold Davis seeks declaratory and corresponding injunctive relief challenging a particular Guam statute which denies him the opportunity to register for and vote in a "political status plebiscite" because he does not meet the statutory definition of "Native Inhabitant of Guam," defined as "those persons who became U.S. Citizens by virtue of the authority and enactment of the 1950 Organic Act of Guam and descendants of those persons." 1 GCA § 2102(b). The statute Mr. Davis challenges here

provides, "Persons eligible to vote shall include those persons designated as Native Inhabitants of Guam, as defined within this Chapter of the Guam Code Annotated, who are eighteen (18) years of age or older on the date of the 'Political Status Plebiscite' and are registered voters on Guam." 1 GCA § 2110(a).

Mr. Davis contends that the provision of 1 GCA § 2110 limiting the political status plebiscite to "Native Inhabitants of Guam" as defined in § 2102(b) violates Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973; his right to equal protection under the 5th, 14th and 15th amendments to the United States Constitution; and "various provision of the Organic Act currently codified at §§ 1421b(m), 1421b(n) and 1421b(u)." *Complaint* ¶¶ 29, 33, 39. He "seeks to represent a class, pursuant to Rule 23(b)(2), of all registered voters of Guam who do not meet the definition of 'Native Inhabitants of Guam,' " *Complaint* ¶ 22, and on their behalf seeks, *inter alia*, a judgment "[e]njoining defendants from engaging in their current policy of preventing plaintiff, and all others similarly situated, from registering for, and voting in, the [political status] plebiscite." *Complaint*, page 9.

## DISCUSSION

"The determination of class action status rests within the sound discretion of the district court." *James v. Ball*, 613 F.2d 180, 186 (9th Cir. 1979), *rev'd on other grounds*, 451 U.S. 355 (1981). Defendants concede that the preliminary requirements of Fed.R.Civ.P. Rules 23(a)(1) and 23(b)(2) have been met. That, however, does not end the inquiry whether class certification is mandated in every case where the preliminary prerequisites have been met. Here, it is not. In *Ball* the Ninth Circuit held that because "the relief sought [by the named plaintiff] will, as a practical matter, produce the same result as formal class-wide relief," it was not an abuse of

2

discretion to deny class certification. *Id*. Although the court was "not unmindful of the benefits of a class action," it concluded that in that case they would not be significant. *Id*. It is the same here.

The district court for the District of Columbia recently had this to say:

> Even though the proposed classes satisfy the eligibility criteria in Rule 23, the Court may nevertheless deny class certification based on other relevant considerations. District courts have "broad discretion in deciding whether to permit a case to proceed as a class action." *Hartman v. Duffey*, 19 F.3d 1459, 1471 (D.C. Cir. 1994). This discretion includes taking account of factors not expressly delineated in Rule 23. One factor that courts often consider is whether there is a need for class certification. Although establishing need is not a mandatory prerequisite, it is not uncommon for courts, in exercising their discretion, to deny class certification on that basis when the particular facts and circumstances of the case warrant doing so. *See, e.g., Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994) (affirming the district court's decision to deny class certification on the ground that "class certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs" (internal quotation marks omitted)); *Davis v. Smith*, 607 F.2d 535, 540 (2d Cir. 1978) ("Where retroactive monetary relief is not at issue and the prospective benefits of declaratory and injunctive relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the implementation of the judgment, a district court may decline certification."); *Sargent v. Block*, 576 F.Supp. 882, 888 (D. D.C. 1983) ( "[T]he Court finds that class certification is unnecessary in this action since the defendants are government officials and the declaratory and injunctive relief sought by the named plaintiffs would benefit all proposed class members.").
>
> Class certification is particularly unnecessary where, as here, "the suit is attacking a statute or regulation as being facially unconstitutional." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 980 (7th Cir. 1977). In that circumstance, "there would appear to be little need for the suit to proceed as a class action" because "it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue the [regulation's] enforcement." *Id*.

*Mills v. District of Columbia*, 266 F.R.D. 20, 22 (D. D.C. 2010) (footnote omitted; editorial brackets in original).

3

Assuming arguendo that this case were permitted to proceed past the motion to dismiss stage, and assuming further that Mr. Davis were ultimately successful in his demands for declaratory and injunctive relief, as a practical matter, the result will be the same whether or not a class is certified. As noted by the district court for the Western District of Texas, "Class actions exist primarily, if not solely, to achieve a measure of judicial economy, preserving the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion. No useful purpose would be served by requiring this case to proceed as a class because all individuals who are not a part of this action, but who are aggrieved by the [challenged law] in the same manner as Plaintiff, will have the benefit of this Court's ruling concerning the statute's constitutionality." *Arnett v. Strayhorn*, 515 F.Supp.2d 690, 698 (W.D. Tex. 2006) (citation omitted), *aff'd Arnett v. Combs*, 508 F.3d 1134 (5th Cir. 2007) (per curiam). If there is no benefit to be obtained by class certification it is within the court's discretion to deny it.

> The court finds that there is no need for class certification in this action. The court's review of the case law indicates that, in addition to the requirements set forth in Fed.R.Civ.P. 23(a) and (b), a district court should ask itself whether the need for the class exists to offset the concomitant expense and complexities associated with class action suits. *See* 7B Wright, Miller & Kane, *Federal Practice and Procedure* 1785.2. * * * The plaintiffs, J. Doe, R. Roe, and S. Soe, have standing to challenge the alleged constitutional violations. Should the plaintiffs prevail, the court's injunction would apply to the plaintiffs and the putative class members. There [is] no benefit to having a class when "there is no reason to doubt that the defendants would accord to all members of the proposed class the benefits of any judgment accorded the plaintiff[s]." *Kow v. New York City Housing Authority*, 92 F.R.D. 73, 74 (S.D.N.Y. 1981) (citations omitted).

*McArthur v. Firestone*, 690 F.Supp. 1018, 1019 (S.D. Fla. 1988). *Accord, Mohr v. Jordan*, 370 F.Supp. 1149, 1153 n.3 (D.C. Md. 1974) ("Inasmuch as this is a case in which declaratory relief is sought because of the alleged unconstitutionality of state statutes and practices, relief which is

4

applicable statewide can in any event be granted without the necessity of designating this as a class action. No useful purpose thus would be served by permitting the case to proceed as a class action."); *Access Now Inc. v. Walt Disney World Co.*, 211 F.R.D. 452, 455 (M.D. Fla. 2001) ("[T]he Court finds that class certification in this action is unnecessary. The Plaintiffs are only seeking injunctive relief which, if granted, would necessarily benefit all other potential class members. The complexity and expense of a class action is not necessary in this case as the Plaintiffs may achieve by injunction all relief which would inure to similarly situated persons without the necessity of class certification.") (citations omitted).

## CONCLUSION

Assuming Mr. Davis were to be successful on his claims for declaratory and injunctive relief, the court's ruling would inure to the benefit of all potential class members, with or without class certification. Because "it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue [its] enforcement," *Alliance to End Repression v. Rochford*, 565 F.2d 975, 980 (7th Cir. 1977), "the complexity and expense of a class action is not necessary in this case." *Access Now*, 211 F.R.D. at 455. The Government of Guam therefore respectfully submits that plaintiff's motion for class certification is due to be denied.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
**LEONARDO M. RAPADAS**, Attorney General

By: _____
      **ROBERT M. WEINBERG**
      Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing electronically with the Clerk of Court via the CM/ECF System to the following:

Mun Su Park, Esq.
Law Office of Park and Assoc.
Suite 102, Isla Plaza
388 South Marine Corps Drive
Tamuning, GU 96913

J. Christian Adams, Esq.
Election Law Center, PLLC
300 N. Washington St., Suite 405
Alexandria, VA 22314

Michael E. Rosman, Esq.
Center for Individual Rights
1233 20th St., NW., Suite 300
Washington, DC 20036

this 2nd day of March, 2012.

        **Office of the Attorney General**

        _____
        **ROBERT M. WEINBERG**
        Assistant Attorney General

cc:    Julian Aguon, Esq. (via email)
       The Law Office of Julian Aguon
       414 W. Soledad Avenue
       GCIC Bldg., Suite 500H
       Hagåtña, GU 96910