

**Office of the Attorney General**
**Elizabeth Barrett-Anderson**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive
Tamuning, Guam 96913 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamag.org

Attorneys for the Government of Guam

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| ARNOLD DAVIS, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> GOVERNMENT OF GUAM; GUAM ELECTION COMMISSION; ALICE M. TAIJERON; MARTHA C. RUTH; JOSEPH F. MESA; JOHNNY P. TAITANO; JOSHUA F. TENORIO; and DONALD I. WEAKLEY, in the official capacities, <br><br> Defendants. | Civil Case No. **11-00035** <br><br> **DEFENDANT GOVERNMENT OF GUAM'S MOTION TO AMEND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 16 (B) (4) AND CVLR 16-1(B)(3) SO AS TO ALLOW DEFENDANT TO FILE AN AMENDED ANSWER AND SECOND MOTION FOR SUMMARY JUDGMENT ASSERTING NEITHER TERRITORIES OR OFFICIALS OF UNITED STATES TERRITORIES ARE "PERSONS" UNDER 42 U.S.C. § 1983** |

**COME NOW**, Defendants, by and through the Attorney General of Guam, and hereby move, pursuant to Fed. R. Civ. P. 16 (B) (4) and CVLR 16-1(B)(3) for an order revising the scheduling order allowing Defendants to file an Amended Answer and second summary judgment motion asserting that Plaintiff's Section 1983 actions should be dismissed because neither Guam, nor its officials, are "persons" under 42 U.S.C. § 1983. Attached is the declaration

Page 1 of 6
*Defendant GovGu's Motion to Amend Scheduling Order Pursuant to Fed.R.Civ.P.16(B)(4) & CVLR16-1(B)(3)*
Arnold Davis vs. GovGuam et al; District Court Case No. 11-00035

Case 1:11-cv-00035   Document 122   Filed 04/12/16   Page 1 of 6

of Kenneth Orcutt in support of Defendants' motion, which by this reference is incorporated herein as if fully set forth.

## I. DEFENDANTS' MOTION FOR AN ORDER REVISING THE SCHEDULING ORDER SHOULD BE GRANTED

### A. STATEMENT OF FACTS

This case involves a claim by a resident of Guam who is not eligible to vote in a plebiscite concerning Guam's future political relationship with the United States because he is not a Native Inhabitant. Mr. Davis alleges that Guam's Native Inhabitant classification is an unlawful proxy for race. He seeks a declaration that limiting registration to Native Inhabitants is unlawful, and an injunction against using any registry other than Guam's general voter registry in determining who is eligible to register for, and vote in, the plebiscite.

Plaintiff sues under 42 U.S.C. Section 1983. See ECF 1, Compl. paras 34 and 40. Until recently, it has been assumed that Guam officials could be sued in a section 1983 action for injunctive and declaratory relief. See e.g. *Guam Society of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366 (9th Cir. 1992); *Paeste v. Government of Guam*, 785 F.3d 1311 (9th Cir. 2015).

However, after the Ninth Circuit rendered its decision in *Paeste*, the Guam Attorney General's Office was contacted by a major U.S. law firm who offered to do a petition for certiorari to the U.S. Supreme Court on this issue. The attorney who offered to write the petition is a former law clerk of Justice Anthony Kennedy. On February 1, 2016, the Government of Guam filed a petition for certiorari. (See petition for certiorari attached as exhibit A to Declaration of Kenneth Orcutt.) The U.S. Supreme Court has not yet decided whether to grant the petition, however the issue in the petition is applicable to the case at bar where Mr. Davis has sued Guam officials for injunctive and declaratory relief under 42 U.S.C. Section 1983. The

Page 2 of 6
*Defendant GovGu's Motion to Amend Scheduling Order Pursuant to Fed.R.Civ.P.16(B)(4) & CVLR16-1(B)(3)*
Arnold Davis vs. GovGuam et al; District Court Case No. 11-00035

Case 1:11-cv-00035   Document 122   Filed 04/12/16   Page 2 of 6

issue raised in the petition is a substantial issue which Defendants believe should be considered in this plebiscite litigation. Regardless of whether the U.S. Supreme Court grants certiorari, Defendants want to preserve this issue for possible review by the U.S. Supreme Court.

As a result, Defendants seek to amend their answer and file a second motion for summary judgment to assert that Plaintiff's § 1983 actions should be dismissed because neither Guam, nor its officials, are "persons" under 42 U.S.C. § 1983. (Defendants' proposed amended answer is attached as Exhibit B to the declaration of Orcutt.)

## B. DISCUSSION

Under Rule 16, the court is required to issue a scheduling order as soon as practicable, and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A). Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). Good cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999) (citations omitted). While "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.

Page 3 of 6
*Defendant GovGu's Motion to Amend Scheduling Order Pursuant to Fed.R.Civ.P.16(B)(4) & CVLR16-1(B)(3)*
Arnold Davis vs. GovGuam et al; District Court Case No. 11-00035

Case 1:11-cv-00035 Document 122 Filed 04/12/16 Page 3 of 6

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires." Leave to amend under this rule "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011).

Here there is no prejudice by allowing Defendants to assert this defense. On July 1, 2015, this court entered an order setting an October 9, 2015 dispositive motions cut-off date. (ECF No. 95.) In its order, the court noted that the time to amend pleadings had already lapsed. *Id.* The dispositive motions cut off date was subsequently extended to October 30, 2015. (ECF No. 102). The Petition for certiorari to the United States Supreme Court seeking review of the *Paeste* decision was not filed until February 1, 2016. On March 24, 2016, the U.S. Supreme Court requested Paeste to file a response to the petition, which is currently due on April 25, 2016. (See Exhibit C attached to declaration of Orcutt.) Defendants are only seeking to preserve the issue for review by the U.S. Supreme Court. Defendants' past reliance on the holding of *Guam Society of Obstetricians & Gynecologists v. Ada* was justified.

The issue Defendants seek to address in a second motion for summary judgment is purely a question of law and will not cause delay in the resolution of this case, nor will it require additional discovery to be conducted. Unless this court orders otherwise, Defendants do not anticipate seeking oral argument on the motion; nor do defendants intend to submit anything more than a short brief on the issue.* No oral argument has been set by the court on the pending

---

* This court has already ruled on the issue Defendant seeks to raise as recently as last month in *Vicente Palacios Crawford v. Antonio B. Won Pat International Airport Authority*, Guam Dist. Ct. Civil Case No. 15-00001, Decision and Order of March 31, 2016, ECF 84.

Page 4 of 6
*Defendant GovGu's Motion to Amend Scheduling Order Pursuant to Fed.R.Civ.P.16(B)(4) & CVLR16-1(B)(3)*
Arnold Davis vs. GovGuam et al; District Court Case No. 11-00035

Case 1:11-cv-00035   Document 122   Filed 04/12/16   Page 4 of 6

motions for summary judgment, and it appears no oral argument will be heard until some time this summer.†

## II. CONCLUSION

This court should allow Defendants to amend their answer and file a second motion for summary judgment to assert that Plaintiff's 42 U.S.C. Section 1983 claims are barred because neither Territories or officials of United States Territories are "persons" under 42 U.S.C. § 1983.

Respectfully submitted this 11 day of April, 2016.

OFFICE OF THE ATTORNEY GENERAL
**Elizabeth Barrett-Anderson**, Attorney General

By: _____
**KENNETH D. ORCUTT**
Deputy Attorney General
Civil Litigation Division

---

† At a status conference on March 30, 2016, Judge Manibusan informed the parties that oral argument on the pending motions for summary judgment would likely be set for sometime this summer.
Page 5 of 6
*Defendant GovGu's Motion to Amend Scheduling Order Pursuant to Fed.R.Civ.P.16(B)(4) & CVLR16-1(B)(3)*
Arnold Davis vs. GovGuam et al; District Court Case No. 11-00035

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing electronically with the Clerk of Court via the CM/ECF System or email to the following:

**Mun Su Park, Esq.**
Law Office of Park and Assoc.
Suite 102, Isla Plaza
388 South Marine Corps Drive
Tamuning, GU 96913

**J. Christian Adams, Esq.**
Election Law Center, PLLC
300 N. Washington St., Suite 405
Alexandria, VA 22314

**Michael E. Rosman, Esq.**
Center for Individual Rights
1233 20th St., NW., Suite 300
Washington, DC 20036

Dated this 12 day of April, 2016.

OFFICE OF THE ATTORNEY GENERAL
Elizabeth Barrett-Anderson, Attorney General

By: _____
KENNETH D. ORCUTT
Deputy Attorney General
Civil Litigation Division

Page **6** of **6**
*Defendant GovGu's Motion to Amend Scheduling Order Pursuant to Fed.R.Civ.P.16(B)(4) & CVLR16-1(B)(3)*
Arnold Davis vs. GovGuam et al; District Court Case No. 11-00035

Case 1:11-cv-00035   Document 122   Filed 04/12/16   Page 6 of 6