

**Office of the Attorney General**
**Elizabeth Barrett-Anderson**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive
Tamuning, Guam 96913 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamag.org

Attorneys for the Government of Guam

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| ARNOLD DAVIS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM, GUAM ELECTION COMMISSION, et al,<br><br>Defendant(s). | CIVIL CASE NO. **11-00035**<br><br><br>**DEFENDANT'S MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 37** |

**DEFENDANT GUAM ELECTION COMMISSION** hereby moves to compel discovery responses pursuant to Federal Rules of Civil Procedure 37.

### I. STATEMENT OF FACTS

This case involves a civil rights and voting rights act claim by a resident of Guam who is not eligible to vote in a plebiscite concerning Guam's future political relationship with the

United States Plaintiff sues under 42 U.S.C. § 1983 and Section 2 of the Voting Rights Act, 42 U.S.C. § 1973[1]. Under both of these claims, if Plaintiff prevails, he may be entitled to attorneys fees as a cost of suit. *See* 42 U.S.C. § 1988 and 5 U.S.C.A § 10310.

On April 12, 2016, Defendant Guam Election Commission served upon Plaintiff, Defendant's Requests for Production, requesting all billing statements, invoices or legal bills, detailed attorneys' time records or time logs or attorney billing records, reflecting the amount of time spent and billed and the character of the fee arrangement, redacting any information revealing litigation strategy, for all of the attorneys' fees incurred by all of Plaintiff's attorneys on this case as of the date of the response to the request. (*See* Defendant Guam Election Commission's Requests for Production and Interrogatories to Plaintiff attached to the Declaration of Kenneth Orcutt in support of Defendant's Motion to Compel as Exhibits A and B.)

On May 12, 2016 counsel for both parties met and conferred telephonically on discovery issues, including Defendant's discovery requests to Plaintiff. Plaintiff objected to Defendant's request, and the parties were unable to resolve the dispute. Also on May 12, 2016, Plaintiff served his response objecting to defendant's discovery requests. (*See* Plaintiff's Responses and Objection to Discovery attached to the Declaration of Kenneth Orcutt in support of Defendant's Motion to Compel as exhibit C). Defendant now moves the Court for an order compelling Plaintiff to respond to Defendant's discovery requests.

## II. ISSUE

**Whether Plaintiff should be compelled to produce attorneys' fees records?**

---

[1] Currently codified as 52 U.S.C.A § 10301.

## III. DISCUSSION

**Plaintiff should be compelled to produce attorneys' fees records.**

Fed. R. Civ. P. 37 permits a party to file a motion for an order compelling a discovery response if a "party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Here, Defendant requested information evidencing the amount of attorneys' fees incurred up to the date of the response to the request, with any information revealing litigation strategy to be redacted. Plaintiffs have objected to Defendant's discovery request citing the relevance and the attorney-client privilege. Neither objection is valid.

### A. Plaintiff's attorney fees records and related information are relevant

Plaintiff's fee records are relevant in at least two respects. First, the records will inform defendant of the amount of time and attorney fees incurred to date. Because attorney fees are considered costs under both 42 U.S.C. § 1988 and 5 U.S.C.A § 10310 they are subject to being "cut-off" under Fed. R. Civ. P. 68.[2] Rule 68 provides, in relevant part:

> (b) At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> . . .

---

[2] "Rule 68 provides that if a timely pretrial offer of settlement is not accepted and the 'judgment finally obtained by the offer is not more favorable than the offer, the offeree must pay *the costs incurred after making of the offer*." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 3014, 87 L. Ed. 2d 1 (1985) (emphasis in the original). "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Id.* " Civil Rights Plaintiffs—along with other plaintiffs—who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected. *Id.* at 3017.

> (d) *If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.*

Fed. R. Civ. P. 68 (b) & (d). (Emphasis added.) Knowing the amount of the attorney fees and the basis of how plaintiff calculated it, allows a defendant the ability to make a reasonable offer of judgment and increase the likelihood of settlement. This is particularly true in a case, as the case at bar, where plaintiff is seeking declaratory and injunctive relief as opposed to money damages. Otherwise, a defendant is forced to guess the amount of reasonable fees incurred and risks making an offer of judgment that fails to cut-off attorney fees under Rule 68, because it was too low. Requiring plaintiff to produce these records is consistent with the purpose of Rule 68, which is to encourage settlement. *Delta Air Lines, Inc. v. Aug.*, 450 U.S. 346, 352, 101 S. Ct. 1146, 1150, 67 L. Ed. 2d 287 (1981).

In *Phelps v. MC Commc'ns, Inc.*, 2013 WL 3944268, (D. Nev. July 22, 2013) the district court of Nevada allowed discovery of an opposing party's attorneys' fees records for the very same purpose. In that case, defendant asserted that "the amount of [plaintiff's] attorneys' fees and costs are needed to, among, other things, calculate an offer of judgment and evaluate settlement." *Id.* at *8. Over plaintiffs' objections, the court recognized "both the importance of this information to defendant with regard to settlement negotiations and preparing an offer of judgment and the interest in maintaining the confidential nature of this information." *Id.* at *11. The court ultimately held that the "engagement letter between the plaintiff and his counsel will provide defendants with information regarding the fee arrangement that will assist defendants in determining proper settlement amounts and/or offer of judgments." *Id.* The court also held that defendants may serve plaintiffs with interrogatories seeking detailed answers pertaining to plaintiff's attorney billing records. *Id.* This court should adopt the reasoning of *Phelps* and compel Plaintiff to produce the records and answer the interrogatories.

Defendant's discovery requests regarding Plaintiff's attorney fees is also relevant on determining the reasonableness of the Plaintiff's attorneys' fees, if Plaintiff prevails in this litigation. Under local rule CVLR 54(c)(4), unless otherwise ordered by the court, a party opposing a motion for attorney's fees has only 14 days to file a responsive memorandum after being served a statement of consultation. In other words, if Plaintiff prevails, Defendant would only have 14 days to contest Plaintiff's attorneys' fees. Such a time period is inadequate. In significant attorney fees cases experts can be retained to evaluate the reasonableness of the attorney fees claimed. Such experts base their opinion on a review of the attorney fees records and information similar to that sought by the Guam Election Commission in this motion to compel. For instance in *Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal.App.4th 608 (2015), the plaintiff law firm employed an expert in attorney fees who, in rendering an opinion as to the reasonable of the attorney fees charged the defendant conducted (1) a detailed review and analysis of the attorneys' time; (2) an analysis of the work done by the attorneys and the fees incurred under the factors commonly considered by the court in fixing a reasonable fee award; and (3) an assessment of the reasonable hourly rate for the attorneys' services.

The information and records relating to Plaintiff's attorney fees incurred in this litigation is relevant and should be produced.

**B. Plaintiff's attorney fees records and related information are not privileged**

Plaintiff's attorney fees records and related information are not privileged. To the extent that they could reveal attorney work product or attorney confidential communications, they should be redacted and the time records produced.

In *Clark v. American Commerce Nat. Bank*, 974 F.2d 127 (9th Cir. 1992), the Office of the Comptroller of the Currency ("OCC") was investigating the banking practices of American

Commerce National Bank ("ANCB"). The OCC issued an administrative subpoena requesting the production of all billing statements from outside legal counsel to ANCB for a certain time period. *Id.* at 128. ANCB refused portions of the request asserting the attorney-client privilege and provided copies of billing statements, but redacted all descriptive information other than dates and fees. *Id.* The OCC brought an action in district court for an order to enforce its subpoena and prevailed.

On appeal, ANCB argued, among other things, that the district court erred by ordering production of the billing statements to the OCC. *Id.* The Ninth Circuit affirmed the district court's ruling on other grounds, but ultimately held that "[t]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Id.* at 129. The court did clarify, however, that "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided . . . fall within the privilege." *Id.*

Moreover, another court has ordered disclosure of attorney billing records where neither judgment had been entered nor had a motion for attorney's fees been filed. In *Riker v. Distillery*, 2009 WL 2486196, at *1 (E.D. Cal. Aug. 12, 2009), plaintiff therein sought any and all documents relating to the costs of litigation incurred by defendant's legal representatives at all stages of the case in order to assist the court in determining the reasonableness of its own request for attorneys fees. Defendants objected on privilege and relevance grounds and further argued that the request was inappropriate in that it was filed during settlement negotiations. *Id.* Before any motion for attorneys' fees was even filed, plaintiff argued that "defendants plan[ned] to challenge plaintiff's motion for attorneys' fees as unreasonable, and needs the defendant's billing

records to assist the court in determining the reasonableness of plaintiff's request for attorneys' fees." *Id*. The court ultimately accepted plaintiff's arguments and held that the records may be relevant to assist the court in determining the reasonableness of plaintiff's request for attorneys' fees and, further, that the records were not privileged. *Id*. at *1-2. The court ordered defendant to provide an itemized statement of the number of hours billed, the parties' fee arrangement, costs and total fees paid, without including the nature of services rendered. *Id*. at *2.

Here, Defendant is not seeking any information revealing Plaintiff's motive in seeking representation, Plaintiff's litigation strategy, or the specific nature of services provided to Plaintiff. Instead, Defendant seeks only basic information regarding the general nature of services rendered along with the attorneys' fees that Plaintiff has incurred therefrom.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests an order from the Court compelling Plaintiff to respond to Defendant's discovery requests regarding attorney's fees.

Dated this 13 day of May, 2016.

            OFFICE OF THE ATTORNEY GENERAL
            Elizabeth Barrett-Anderson, Attorney General

        By: _____
            KENNETH D. ORCUTT
            Deputy Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the forgoing electronically with the Clerk of Court via the CM/ECF System or email to the following:

**MUN SU PARK, ESQ.**
Law Office of Park and Assoc.
Suite 102, Isla Plaza
388 South Marine Corps Drive
Tamuning, GU 96913

**J. CHRISTIAN ADAMS, ESQ.**
Election Law Center, PLLC
300 N. Washington St., Suite 405
Alexandria, VA 22314

**MICHAEL E. ROSMAN, ESQ.**
Center for Individual Rights
1233 20th St., NW., Suite 300
Washington, DC 20036

Dated this 13 day of May, 2016.

OFFICE OF THE ATTORNEY GENERAL
**Elizabeth Barrett-Anderson,** Attorney General

By: _____
**KENNETH D. ORCUTT**
Deputy Attorney General