

**Office of the Attorney General**
**Elizabeth Barrett-Anderson**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive
Tamuning, Guam 96913 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamag.org

**Attorneys for the Government of Guam**

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| ARNOLD DAVIS, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM, GUAM ELECTION COMMISSION, et al,<br><br>Defendant(s). | CIVIL CASE NO. **11-00035**<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** |

**DEFENDANT GUAM ELECTION COMMISSION** hereby submits this Reply to Plaintiff's Opposition to Defendant's Motion to Compel.

## INTRODUCTION

Before the court is a civil rights and voting rights act claim by a Guam resident who is not currently eligible to vote in a possible plebiscite election. Plaintiff sues pursuant to 42 U.S.C. § 1983 and Section 2 of the Voting Rights Act, 42 U.S.C. § 1973[1]. Under both claims, if

---

[1] Currently codified as 52 U.S.C.A. § 10301.

Page 1 of 7
*Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel*
Arnold Davis et al. vs. GCEC
District Court of Guam Case No. 1100035

Case 1:11-cv-00035   Document 135   Filed 06/21/16   Page 1 of 7

Plaintiff prevails, he may be entitled to attorneys' fees as a cost of suit. See 42 U.S.C. § 1988 and 5 U.S.C.A. § 10310.

Defendant Guam Election Commission served a Request for Production upon Plaintiff seeking all billing statements, invoices or legal bills, detailed attorneys' time records or time logs or attorney billing records, reflecting the amount of time spent and billed and the character of the fee arrangement, redacting any information revealing litigation strategy, for all of the attorneys' fees incurred by all of Plaintiff's attorneys on this case as of the date of the response to the request. *See* Defendant Guam Election Commission's Requests for Production and Interrogatories to Plaintiff attached to the Declaration of Kenneth Orcutt in support of Defendant's Motion to Compel as Exhibits A and B.

Plaintiff objected to Defendant's discovery requests which resulting in Defendant filing its motion to compel. *See* Plaintiff's Responses and Objection to Discovery attached to the Declaration of Kenneth Orcutt in support of Defendant's Motion to compel as exhibit C. Plaintiff argues that Defendant's request is "premature" and "not subject to discovery at this stage of the litigation." (Pl.'s Opp'n at 1, Jun. 7, 2016). Defendant asserts that the attorney fees related records are not privileged and are needed now to determine whether an offer of judgment under Civil Rule 68 may be appropriate.

### I. Defendant's Discovery Request Is Not Premature And Information That Will Assist In Formulating An Offer Of Judgment Is Discoverable At This Stage Of The Litigation

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The rules governing discovery are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.

Page 2 of 7
*Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel*
Arnold Davis et al. vs. GCEC
District Court of Guam Case No. 1100035

Case 1:11-cv-00035   Document 135   Filed 06/21/16   Page 2 of 7

*Hebert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979).

Defendant requested from Plaintiff attorney fees related documents pertaining in this litigation. *See* Defendant Guam Election Commission's Requests for Production and Interrogatories to Plaintiff attached to the Declaration of Kenneth Orcutt in support of Defendant's Motion to Compel as Exhibits A and B. This court should order Plaintiff to produce the records because they are nonprivileged and will assist defendant in assessing whether to make a Civil Rule 68 Offer of Judgment and what the amount of such an offer would be.

A Rule 68 offer of judgment is meant to *promote* settlement of cases. "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 3014, 87 L.Ed 2d. 1 (1985). To adopt Plaintiffs' argument—that a pre-judgment inquiry into a party's attorneys' fees is premature—would be to diminish any utility of Rule 68. Parties seeking to make an offer of judgment would be unable to properly evaluate the risks and costs of litigation; rendering any attempt at utilizing Rule 68 futile. Defendant would be forced to guess the amount of hours expended by Plaintiff in the litigation, the hourly rate of the attorney, and the reasonableness of the attorney fees assessed.

Courts have allowed discovery of attorneys' fees before judgment has been entered. *See Riker v. Distillery*, 2009 WL 2486196, at *1 (E.D. Cal. Aug. 21, 2009) (court ordered disclosure of attorney billing records where neither judgment had been entered nor had a motion for attorney's fees been filed). Furthermore, courts have ordered discovery into attorneys' fees for the specific purpose of evaluating offers of judgment under Rule 68.

In *Phelps v. MCI Commc'ns, Inc.*, 2013 WL 3944268 (D. Nev. Jul. 22, 2013), following a motion to compel production of information regarding attorneys' fees, the court ordered

Page 3 of 7
*Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel*
Arnold Davis et al. vs. GCEC
District Court of Guam Case No. 1100035
Case 1:11-cv-00035   Document 135   Filed 06/21/16   Page 3 of 7

production of the engagement letter and found that the letter would provide defendants with information regarding the fee arrangement that will assist defendants in determining proper settlement amounts and/or offers of judgment. Here, Plaintiff argues that *Phelps* did not address any of the authorities that Plaintiff cited in its opposition, and pointed out that the court only ordered the production of a redacted engagement letter and answers to general questions about how many hours had been worked and were estimated to be worked. (Pl.'s Opp'n at 4 fn.1, Jun. 7, 2016). Plaintiff's arguments should be rejected.

First, the cases that Plaintiff relies upon deal primarily with requests for information on attorneys' fees as being an element of the damages claims therein. None of the cases dealt with a request for information on attorneys' fees in a specific Rule 68 offer of judgment context.[2] Accordingly, there was no need for the *Phelps* court to address those cases. Similarly, those cases are of no import here.

Second, Plaintiff ignores that the court in *Phelps* recognized the importance of information to defendants with regard to settlement negotiations and preparing an offer of judgment. *Phelps* at * 11. When balanced against the interest of maintaining the confidential nature of this type of information, the court nonetheless found that the party seeking the information in that case could serve interrogatories seeking "*detailed answers* as to which attorney performed work on the action, their hourly rate, how many hours they have billed to date, and an estimate of how many hours plaintiff's counsel anticipates billing." *Id.* (Emphasis added).

---

[2] In one of the cases, *CSX Transp., Inc. v. Peirce*, 2012 WL 5354544, * 3 (N.D.W.V. Oct 29, 2012), defendant, the party requesting the information on attorneys' fees also cited to the 1993 advisory committee notes pertaining to FRCP 26's provision regarding the initial disclosure of damages calculations. Defendant argued that such information was "important to determine a party's potential liability exposure as it pertains to the possibility of settlement." *Id.* The court, however, held that the advisory committee notes related specifically to initial disclosures required under rule 26 and were not relevant to the discovery requests because they did not concern initial disclosures. This narrow ruling is inapplicable to the instant case as Defendant's request does not concern initial disclosures.

Page 4 of 7
*Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel*
Arnold Davis et al. vs. GCEC
District Court of Guam Case No. 1100035
Case 1:11-cv-00035   Document 135   Filed 06/21/16   Page 4 of 7

Just as the court in *Phelps* determined that the information was important for preparing an offer of judgment, the same is true in the instant case. Obtaining information regarding Plaintiff's attorneys' fees will further the purpose of the rule, which is to promote, not stymie, settlement.

## II.  Any Privileged Information Contained in the Records can be Redacted

Defendant is not seeking any privileged information and to the extent that any of the records do contain privileged information, such can be redacted. The source, manner of payment, and amount of attorney fees are generally unprotected by the attorney-client privilege. See *In re Osterhoudt*, 722 F.2d 591, 593 (9th Cir.1983) and *Seventh Elect Church in Israel v. Rogers*, 102 Wn.2d 527, 688 P.2d 506 (1984). As mentioned above, in its request for production, Defendant specifically requested for information redacted of *any information revealing litigation strategy*.

In its opposition, Plaintiff recognizes that time and billing records are protected from disclosure, *to the extent that they contain such privileged information*. (Pl.'s Opp'n at 5-6, Jun. 7, 2016). Plaintiff opposes production and maintains that the records are protected under the attorney-client and attorney work product privilege in that they "describe the nature of services provided, discussions, decisions and areas of emphasis among Plaintiff and Plaintiff's counsel." *Id.* In *Clarke v. American Commerce Nat. Bank*, 974 F.2d, 129 (9th Cir.1992), the Ninth Circuit held that "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." Plaintiff's blanket assertion that all the records contain privileged information is inadequate, when balanced against the importance of disclosing the information for purposes of a Rule 68 offer of judgment. The Court should compel

Page 5 of 7
*Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel*
Arnold Davis et al. vs. GCEC
District Court of Guam Case No. 1100035

Case 1:11-cv-00035   Document 135   Filed 06/21/16   Page 5 of 7

production of the information consistent with the rulings in *Phelps* and *Clarke*.

### III. Defendant's Request is not Overbroad

Plaintiff argues that Defendant's request is overbroad. (Pl.'s Opp'n at 9, Jun. 7, 2016). In fact, Defendant's request was specific. Defendant sought billing statements, invoices or legal bills, detailed attorneys' time records or time logs or attorney billing records, reflecting the amount of time spent and billed and the character of the fee arrangement. Plaintiff contends that Defendant could obtain this information, namely a set of numbers, through a less intrusive discovery request. (Pl.'s Opp'n at 9, Jun. 7, 2016). However, to disclose only a set of numbers is contrary to the above-cited cases and prejudicial to a party considering making of an offer of judgment.

Again, in *Phelps*, 2013 WL 3944268 at *11, the court ordered the production of a redacted engagement letter with information regarding the fee arrangement, and also permitted interrogatories seeking detailed answers as to which attorney performed work on the action, their hourly rate, and an estimate of how many hours plaintiff's counsel anticipates billing. Further, in *Clarke*, 974 F.2d at 129, the court recognized that the identity of the client, the amount of the fee, the identification of payment by case name and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. To adopt Plaintiff's argument, that only a set of numbers can be disclosed, would be contrary to relevant case law.

Additionally, providing only a set of numbers would not further the purpose of Rule 68. With nothing more, Defendant would have to accept Plaintiff's set of numbers both as true and as reasonable. Under Civil Rule 68, an offeror need not make an offer of judgment for a specific amount as attorney fees or costs, but has the option of allowing the court to determine the reasonableness of the attorney fees. See e.g. *Holland v. Roeser*, 37 F.3d 501 (1994)

Page 6 of 7
*Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel*
Arnold Davis et al. vs. GCEC
District Court of Guam Case No. 1100035

Case 1:11-cv-00035   Document 135   Filed 06/21/16   Page 6 of 7

(wherein defendant's offer of judgment for was for "costs now accrued and reasonable attorney fees as determined by the Court.") A set of numbers would not provide any basis for Defendant to make a determination as to the reasonableness of the attorneys' fees billed. Without the requested documents, Defendant is unable to evaluate the risk it would be assuming by making an offer of judgment allowing the court to determine the reasonableness of plaintiff's attorney fees.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Compel.

Dated this 20th day of June, 2016.

OFFICE OF THE ATTORNEY GENERAL
**Elizabeth Barrett-Anderson**, Attorney General

By: _____
**KENNETH D. ORCUTT**
Deputy Attorney General

Page 7 of 7
*Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Compel*
Arnold Davis et al. vs. GCEC
District Court of Guam Case No. 1100035

Case 1:11-cv-00035   Document 135   Filed 06/21/16   Page 7 of 7